UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER PARFAITE, | : | CIVIL NO: 3:22-CV-00316 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KIM LIPPINCOTT, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

June 30, 2022

In March 2022, Plaintiff Walter Parfaite began this action by filing a complaint.  He later filed an application to proceed *in forma pauperis*, which we granted.  The defendant waived service, and counsel for the defendant entered an appearance.

Parfaite moved for leave to amend his complaint, and we granted Parfaite leave to file an amended complaint on or before June 3, 2022.  The parties then consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned.

On May 23, 2022, Parfaite filed an amended complaint.  Then, on June 2, 2022, he filed a motion for leave to amend paragraph four of his amended complaint, stating that when typing his amended complaint, he had mistakenly missed a whole page he had intended to include.  A few days later—on June 9,

2022—Parfaite filed a second amended complaint.  And on June 22, 2022, the defendant filed an answer to the second amended complaint.

Although Parfaite filed his second amended complaint before the court ruled on his motion to amend, given that the second amended complaint was filed shortly after his amended complaint, was filed to fix a typing error, and the defendant filed an answer to the second amended complaint, we will accept the second amended complaint as the operative complaint in this case.  And, accordingly, we will now deny as moot Parfaite's motion to amend.

Along with his second amended complaint, Parfaite filed a motion to admit evidence log and exhibits.  He attached to that motion numerous evidentiary exhibits, many of which are only parts of documents, and given their partial nature shed little light on the nature of Parfaite's claims.  Parfaite filed this motion on June 9, 2022, but he has not filed a brief in support of that motion.  Local Rule 7.5 provides:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.  If the motion seeks a protective order, a supporting brief shall be filed with the motion.  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.  A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Since Parfaite has not filed a brief in support of his motion to admit evidence log and exhibits, we will deem his motion withdrawn.[1]

Based on the foregoing, **IT IS ORDERED** that the second amended complaint (*doc. 22*) is the operative complaint in this case.  **IT IS FURTHER ORDERED** that Parfaite's motion to amend (*doc. 21*) is **DENIED AS MOOT**,

---

[1] We note, in any event, that it appears that at least some of the documents that Parfaite submitted are not the type of documents that are properly submitted as exhibits to a complaint.  Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  But not every document is a "written instrument" under Fed. R. Civ. P. 10(c). *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (concluding that an affidavit is not a "written instrument" under Rule 10(c)); *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, 1:11-CV-1751, 2013 WL 3208586, at *3 n.4 (M.D. Pa. June 24, 2013) (refusing to consider deposition transcripts attached to the plaintiff's motion for leave to amend and referenced in the proposed third amended complaint).  Rather, written instruments under Rule 10(c) "consist largely of documentary evidence, specifically, contracts, notes, and other '"writing[s] on which [a party's] action or defense is based."' *Rose*, 871 F.2d at 339 n.3 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489).  "Furthermore, a 'written instrument' may be characterized as a 'legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.'" *Calpin v. Lackawanna Cty.*, 3:16-CV-2013, 2017 WL 590277, at *5 (M.D. Pa. Feb. 14, 2017) (quoting *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015)).  Thus, "[e]xhibits solely containing evidentiary matter, such as depositions, are not considered 'written instruments' under Rule 10(c) and are typically excluded from consideration of the pleadings." *J.B. Hunt,* 2013 WL 3208586, at *3 n.4.  "'[L]engthy exhibits containing . . . evidentiary matter should not be attached to the pleadings.'" *Rose*, 871 F.2d at 339 n.3 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1327, at 489).

and Parfaite's motion to admit evidence log and exhibits (*doc. 23*) is **DEEMED**

**WITHDRAWN**.

                                           **_S/Susan E. Schwab_**
                                           Susan E. Schwab
                                           United States Magistrate Judge