UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER PARFAITE, | : | CIVIL NO: 3:22-CV-00316 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KIM LIPPINCOTT, | : | |
| | : | |
| Defendant. | : | |

# ORDER[1]
July 15, 2022

In March 2022, Plaintiff Walter Parfaite, proceeding pro se, began this action by filing a complaint. *See doc. 1*. He later filed an amended complaint and then a second amended complaint. *See docs. 20, 22*. The defendant filed an answer to the second amended complaint. *See doc. 25*. On June 30, 2022, we entered a case management order setting forth, among other things, a December 30, 2022 deadline for the completion of discovery and a March 1, 2023 deadline for the filing of dispositive motions. *See doc. 27* at 2.

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case has been referred to the undersigned.

On July 11, 2022, Parfaite filed a motion for summary judgment, a brief in support of that motion, exhibits, and his own declaration in support of that motion. *See docs. 29–32.*[2]

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Local Rule 56.1 requires a party moving for summary judgment to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The Rule, in turn, requires the non-moving party to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.* The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the

---

[2] Although Parfaite combined his motion and his brief in one document, the Clerk of Court docketed that same document as both a motion for summary judgment and as a brief in support of that motion. *See docs. 29–30.* In the future, Parfaite shall comply with Local Rule 5.1(h), which requires that "[e]ach motion and each brief shall be a separate document." M.D. Pa. L.R. 5.1(h).

statement required to be served by the opposing party." *Id.* "Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018). "[T]he Rule 'is essential to the Court's resolution of a summary judgment motion' due to its role in 'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence.'" *Id.* (citations omitted).

Parfaite has not filed a statement of undisputed material facts in support of his motion for summary judgment as required by Local Rule 56.1. The district court "is in the best position to determine the extent of a party's noncompliance with Local Rule 56.1, as well as the appropriate sanction for such noncompliance." *Id.* "When a moving party fails to comply with Local Rule 56.1 'the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.'" *Abu-Jamal v. Kerestes*, No. 3:15-CV-967, 2018 WL 2166052, at *14 (M.D. Pa. May 10, 2018) (quoting *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 413, 412 (M.D. Pa. 2013)), *aff'd in part, appeal dismissed in part*, 779 F. App'x 893, 901 (3d Cir. 2019). We may deny or dismiss a motion for summary judgment for failure to comply with Local Rule 56.1. *See Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021) (denying plaintiff's motion for

summary judgment for failure to file a Rule 56.1 statement of undisputed material facts); *Landmesser*, 982 F. Supp. 2d at 413, 421 (dismissing plaintiff's motion for summary judgment because plaintiff did not file a Rule 56.1 statement of undisputed material facts).

Here, Parfaite's failure to comply with Local Rule 56.1 renders the court unable to reasonably adjudicate his motion. Because Parfaite has not filed a Rule 56.1 statement of undisputed material facts, the court will not be able to determine what facts are undisputed (or disputed). Thus, we will deny Parfaite's motion for summary judgment without prejudice. Although we will deny Parfaite's motion for summary judgment without prejudice to him refiling a proper motion, a separate brief in support, a separate Local Rule 56.1 statement of undisputed facts, and documents in support of his motion, for Parfaite's benefit we note the following.

Discovery in this case has not been completed. Although summary judgment motions are generally not filed before discovery has been completed, in certain circumstances, a motion for summary judgment can be filed prior to the completion of discovery. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule of the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close off all discovery."). But Federal Rule of Civil Procedure 56(d) provides that if a party "shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer ruling on the motion for summary judgment, deny the motion for summary judgment, allow time to obtain affidavits or declarations or to take discovery, or enter any other appropriate order. District courts usually grant properly filed requests under Fed. R. Civ. P. 56(d) as a matter of course. *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015). "This is particularly true when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment." *Id*. In fact, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery requested pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *Id.*

Further, a party that moves for summary judgment on an issue for which he bears the ultimate burden of proof, such as a plaintiff who moves for summary judgment as to his claim or claims, faces a difficult road. *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *El v. Se. Pa. Transp. Auth.,* 479 F.3d 232, 238 (3d Cir. 2007) (footnote omitted). A party who has the burden of proof must persuade the factfinder that his propositions of fact are true, and "if there is a

chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted." *Id*. "Specious objections will not, of course, defeat a motion for summary judgment, but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will." *Id.*

Based on the foregoing, **IT IS ORDERED** that Parfaite's motion for summary judgment (*doc. 29*) is **DENIED WITHOUT PREJUDICE**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge