UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER PARFAITE, | : | CIVIL NO: 3:22-CV-00316 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KIM LIPPINCOTT, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**
March 6, 2023

On February 2, 2023, Parfaite filed a "Motion For Leave To Amend Complaint." *Doc. 85*. He attached to that motion a proposed amended complaint, which, if the court were to grant his motion to amend, would be his third amended complaint. Parfaite attached a multitude of exhibits to his proposed third amended complaint. *See doc. 85-1*, *doc. 86*. And he attached to his motion for leave to amend a declaration and a document that he labels "Factual Allegations." *See doc. 85* at 2–5. But he did not file a brief in support of his motion for leave to amend. Local Rule 7.5 provides:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for

the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Because Parfaite has not filed a brief in support of his motion for leave to amend his complaint, that motion is deemed withdrawn in accordance with Local Rule 7.5.

Although we are deeming Parfaite's motion for leave amend withdrawn, we note that the proposed third amended complaint attached to his motion does not set forth a short and plain statement of his claims as required by the Federal Rules of Civil Procedure. Should Parfaite decide to file another motion for leave to amend his complaint along with a brief in support and another proposed third amended complaint, we will set forth some basic pleading and other standards for his guidance.

**Federal Rule of Civil Procedure 8.**

Any amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] court must make reasonable allowances to protect pro se litigants

2

from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Nevertheless, a pro se complaint still must comply with the basic pleading requirements of Rule 8. Federal Rule of Civil Procedure 8 requires, among other things, that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(a)(3). Rule 8 also requires that each allegation in a complaint "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson*, 551 U.S. at 93. Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's

3

entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

"We accept as true all factual matters [the plaintiff] alleges, but his complaint cannot survive unless the facts it recites are enough to state plausible grounds for relief." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

4

Parfaite should not assume that the court and the defendants are aware of the events at issue; rather, he should draft any proposed third amended complaint "as if [he] were telling a story to people who knew nothing about [his] situation." *Wrhel v. United States*, No. 16-CV-758-JDP, 2017 WL 4352088, at *2 (W.D. Wis. Sept. 29, 2017).

**Federal Rule of Civil Procedure 10.**

Any amended complaint must also comply with Fed. R. Civ. P. 10, which provides, among other things, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

Here, we note that in the proposed third amended complaint that Parfaite attached to his motion, Parfaite used numbered paragraphs.  But those paragraphs sometimes span multiple pages, and the facts alleged in those paragraphs get lost in a sea of legal conclusions.  It would be helpful if Parfaite used short paragraphs that tell the story of what happened.  For example, in the declaration attached to his motion for leave to amend, Parfaite uses short, numbered paragraphs to set forth a narrative of what happened. *See doc. 85* at 2–3.  But the proposed amended complaint that Parfaite submitted with his motion, does not contain such a

statement of basic facts of the case. Going forward, any proposed third amended complaint should similarly set forth the facts regarding the events at issue.

### 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior*[1] cannot form the basis of liability. *Jutrowski v. Twp. of*

---

[1] "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the

*Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.  And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008).  Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Based on the foregoing, **IT IS ORDERED** that Parfaite's motion (*doc. 85*) for leave to amend his complaint is deemed **WITHDRAWN**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

employer had any part in causing harm." *Santiago*, 629 F.3d at 128 (quoting *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 692 (1978)).