# United States District Court
## For the Middle District court of Pennsylvania

Walter K. Parfaite
    "Plaintiff"

V.

Kim Lippincott
    "Defendant"

**FILED SCRANTON**
APR 27 2023
PER _____
DEPUTY CLERK

No. 3:22-CV-00316

(Judge Schwab)

## Brief in Opposition to Defendants Summary Judgement

On April 13, 2023, defendant Kim Lippincott filed a motion pursuant to Fed. R. Civ. P. 56, attached to the defendant's motion is a list of facts as required by L.R. 56.1, but the list of facts provided by the defendant are far from undisputed by the plaintiff, for the following reasons in order;

1. On February 23, 2021, defendant Lippincott an employee of the Monroe County District Attorneys office, Pennsylvania State police SERT team executed a search warrant on room #3 of the Paramount Motel, the plaintiff was not the intended target, in fact the plaintiff was unknown up to the time the warrant execution, the plaintiff was initially detained do to a state parole warrant, the plaintiff was one of six individuals within the room at the time of warrant execution, the plaintiff was the only other person other than the target (Matthew Luce was taken into Federal custody) to be charged in the state court or at all, even though narcotics were seized from a females purse and individuals personal property.

2. The plaintiff does not dispute that defendant Lippincott is employed by the Monroe County District Attorney.

3. The plaintiff argues that the defendant's collaborative efforts only shows that she

works with other law enforcement, this collaborative effort does not grant her the right to exchange employers when it benefits her, nor does it negate the fact that she was a Monroe County District Attorney employee that asserted "state charges" on the plaintiff.

4. The plaintiff does not dispute that the defendant was conducting a criminal investigation that consisted of surveillance and controlled purchases, what the plaintiff disputes is the relevance of this claimed fact, CI#1 conducted multiple controlled purchases, and identified multiple individuals, not one purchase was ever made on the plaintiff, nor did this informant ever identify the plaintiff. CI#2 admitted to selling narcotics as well as being a willing participant in criminal activity, CI#2 even provided the defendant with names of individuals that work with or for the target of defendant Lippincott's investigation, one of which was within the room at the time of the execution of the search warrant (Kayla Fields), this individual was not the plaintiff, nor was she ever charged, again the plaintiff does not dispute that the defendant was conducting an investigation, the plaintiff disputes the relevance of this claimed fact to the allegations within the filed complaint, therefore, should be disregarded by the court.

5. The plaintiff disputes the defendant's claimed facts with relevance to his filed complaint, both the plaintiff and government agree that the criminal activity if any and the relevant conduct was within a short 7-day window prior to the February 23, 2021, search warrant execution, therefore, this claimed fact by the defendant should be disregarded by the court.

6. This claimed fact by the defendant does not have any standing in regards to the plaintiff's filed complaint, does not mention the plaintiff, nor was the plaintiff identified by the defendant's informant. An apple is a fruit, that is a fact, yet not relevant to the allegations in the plaintiff's filed complaint, therefore, the fact that is claimed by the defendant should be discarded by the court.

7. The plaintiff does not dispute that a controlled purchase was made on an individual that was not the plaintiff, what the defendants claimed fact does not do is address any of the allegation in the plaintiff's filed complaint. Nor shed light on, clarify, or discredit any of the violations of rights claimed by the plaintiff.

8. The plaintiff does not dispute that the defendant utilized surveillance of another law enforcement agency, this claimed fact by the defendant does not state anything other than the target of the investigation, was seen with other individuals, non or which was the plaintiff, this claimed fact fails to discredit any of the violations of the plaintiff's rights that were alleged in his filed complaint, therefore, this claimed fact should be discarded by the court.

9. The fact that defendant Lippincott's informant informed defendant Lippincott that he could purchase narcotics from an individual that was not the ~~not the~~ plaintiff is not disputed, this claimed fact does not discredit the allegations made by the plaintiff in his filed complaint, regarding the improper filing of the Monroe County Drug Task Force activity form or the inconsistences in the forms, the amount of money provided in the "CI certification" not being stated, the CI and defendants lack of mark/signature on the copy of the controlled purchase money like the rest of the Drug Task Force Activity forms, this claimed fact by the defendant does not discredit any of the allegations within the plaintiff's filed complaint. (doc.114) states that this was a continuance of the January 6 controlled purchase, that is if fact false the January 6, purchase was in a completely different location, different hotel different township.

10. The plaintiff does not dispute that the defendant's informant provided information about an individual that was not the plaintiff, this informant purchased narcotics from an individual that was not the plaintiff, this informant even identified multiple individuals within room 3 at the time he made the controlled purchase, non-of which were the plaintiff, this claimed fact does not support any claim from the defense, nor does it discredit any of the plaintiff's alleged violations of rights, therefore, this defense should be discarded by the court.

13. This claimed fact does not support defendant Lippincott's defense, nor does it discredit any of the plaintiff's alleged violations for rights in his filed complaint, therefore, this fact by the defense should be discarded by the court.

14. The plaintiff does not dispute that the Pennsylvania state police SERT team executed the search warrant do to an individual, who is not the plaintiff, criminal history and the

3

possibility that firearms may be within the room, the Pennsylvania state police did not violate the plaintiff's rights, and this claimed fact by the defendant does not discredit any of the allegations within the plaintiff's filed complaint, therefore, should be discarded by the court.

15. This is not disputed by the plaintiff.

16. This claimed fact made by the defendant is in fact false, the plaintiff and Amy Gearhart, Kayla Fields, and Matthew Luce were detained Ashley Grimes and Ryan Yenser were allowed to leave the scene after they admitted to possessing narcotics within room #3 and transporting large amounts of narcotics across state lines for the last year, these two individuals (Ryan & Ashley) even told the defendant that they were staying within room #3 for the last two days, admitting they were within the room at the time of the controlled purchase on 2/22/21, these are two of the individuals that the informant claimed to have seen but did not know by name.

17. The plaintiff does not dispute that narcotics were seized from room #3, the dispute is with where the narcotics were located at the time they were seized, and why individuals who had narcotics and paraphernalia in their purses with identification cards, within tattoo equipment, and who also admitted to having narcotics, were never charged in any court, yet their narcotic weights were added to the total weights

18. This claimed fact made by the defendant is false, therefore disputed, at the bottom of pg. 8 of defendant Lippincott's exhibit marked "A" states that ADA Rich White approved the charges against the plaintiff, not the AUSA, it also states that the plaintiff was arraigned by a Monroe County Magistrate judge, this county Magistrate judge set a bail for the plaintiff on the 11 state charges.

19. The plaintiff does not dispute this fact.

20. The plaintiff does not dispute the information that the initial indictment contained, the plaintiff asks the court to note that the charge contained within the superseding information is not on the original charging document.

21. The plaintiff cannot dispute his Federal attorney placed motion with the court.

4

22. The plaintiff does not dispute this claimed fact.

23. The plaintiff does not dispute this claimed fact.

24. The plaintiff does not dispute the opinion of judge Mannion, this ruling brought more light that items of evidence may in fact have been mishandled in his initial state case, the photographs show items that were never admitted in his state case, rearranged, and repackaged, it also brought to light that items were never disclosed such as the little black purse or the name of the person whose identification was along the narcotics found inside of this purse, as well as the glass jar that contained a large amount of Heroin, in violation of Brady v. Maryland, it is ~~not~~ Now clearly established and well know that law enforcement have a duty and obligation to turn over exculpatory and impeaching evidence to the prosecuting authority, ever since Brady was extended to police officers.

25. The plaintiff does not dispute the statement made by judge Mannion, this led to even more concerns with how the withdrawn state case was handled, concerns about items of evidence being seen in one photo then seen again in a different (new) location of the room in another photograph, this also brought more light on the plaintiff's suspicions of evidence being tampered with in his state case at the time of the search warrant execution on February 23, 2021.

26. This is in part not disputed by the plaintiff, the U.S. Attorney was well aware of his Brady obligation, the U.S. Attorney is not a defendant in this matter, the plaintiff does not believe that that U.S. Attorney had any knowledge of the officers Brady suppression.

27. The plaintiff does not dispute that he signed a plea deal regarding the new count within the superseding information, the plaintiff asks the court to note that he was in fact arraigned on this new count as well as signing the plea after his civil suit was already in place, asserted on the withdrawn state court charges and case.

28. The plaintiff does not dispute that he agreed to plead guilty to one count of superseding information that was not one of the 11 state court charges that were withdrawn in April 2021, or on his original charging document in his Federal criminal case, the plaintiff was arraigned in open court on this new count in a Federal courtroom on March 31, 2022. (see Attachment marked A b)

B. The defendant does not dispute that he was only guilty of the conduct within the superseding information count, the complaint filed by the plaintiff was asserted on the 11 withdrawn state court charges and case.

C. The plaintiff does not dispute that this was within the plea agreement, the plaintiff disputes this claim do to it relevance to the allegations in his filed complaint, the plaintiff addressed this matter in open court with judge Mannion on 7/13/22, see case No. 3:21-cr-00056-MEM-2 (doc.94), during this hearing this hearing the plaintiff stated his concerns about the loss of his 3 levels of acceptance, do to him filing this very same civil suit, on the record in open court the plaintiff made it very clear that he did not initiate his civil complaint to challenge his civil complaint in any way or form, the plaintiff spoke for an extended amount of time, on how his civil suit was in place prior to any new charge, as well as the plea agreement, after this hearing all parties involved agreed that no breach of the plea agreement had taken place, the 3 levels of acceptance were reinstated, they are still in place to date, the Government is well aware of the plaintiff's civil complaint, the Government is also aware of the fact that the plaintiff is actively pursuing the civil matter that was asserted on his withdrawn state case and charges, the Government has not moved to withdraw the plea do to some breach, therefore, the court should discard this claimed fact by the defendant.

B. The plaintiff does not dispute that this was stated, what the plaintiff disputes is the context in which the defense is trying to apply this claimed fact, the plaintiff did in fact agree that the Governments position surrounding the prosecution on the new count of superseding information, this agreement made by the plaintiff and acknowledged do to the fact that after the allegations in the plaintiff's civil complaint came to light, the prosecutor for the Government filed a superseding information, see, case No. 3:21-cr-00056-MEM-2(doc.78). Black's law dictionary defines superseding information as —"a second or later information that includes additional charges or corrects errors in an earlier one." This information did not contain any of the evidence that was tampered with in the state case (Heroin) nor did it contain any of the added weights from the 11 charges within the state case, all of which have been withdrawn, and the plaintiff's civil suit was asserted on.

6

27. The plaintiff does not dispute that on March 31, 2022, he was arraigned on one new count in a superseding information.

28. The plaintiff does not dispute that he has had multiple attorneys in his federal criminal case, attorney Poveromo withdrew do to an incident here at the prison with his nephew, who at the time was employed by the prison, his employment has since been terminated, attorney Scanlon provided the plaintiff with false information regarding the plea (levels of acceptance) a hearing was held, this was all addressed in a Federal court room in front of a Federal judge.

29. This is disputed by the plaintiff on the grounds that the AUSA did not charge the plaintiff with the 11 charges in state court, defendant Lippincott presented her Affidavit of probable cause to that ADA Rich White who approved the charges against the plaintiff, as well as the fact that she filed a bail criteria form, all of which were done on a state level first, not a Federal level, the plaintiff was arraigned by a Monroe county Magistrate judge, the defendant actions were the moving force and direct cause in the initiation of the state case against the plaintiff, the defendant chose only the plaintiff from within room #3 to charge, even though one of the other individuals within the room was identified by CI #2 (Kayla Fields) as well as another individual found within the room admitting that she (Ashley Grimes) transported large amounts narcotics across state lines with and for a person that was directly linked to the target of the raid (Matthew Luce) and investigation, this individual (Grimes) also stated she had narcotics while she and her boyfriend were within the room, narcotics and paraphernalia were located within the property (bags and tattoo equipment), this individual was not charged in any court with any form of criminal act for that day.

30. This is disputed by the plaintiff on the grounds that the defendant is trying to point that finger at the U.S. attorney for that claimed Brady suppression by officer, this form of violation in acknowledged across the country, a Brady suppression by officer occurs when an investigating officer (defendant) conceals, withholds, or fails to disclose exculpatory and or impeaching evidence to the prosecuting authority and defense, the allegations contained within the plaintiff's filed complaint could lead any reasonable fact finder to the conclusion that a violation did in fact take place, a jar that contained a large

amount of narcotics was emptied out and not put into evidence, which other glass containers with contents still inside were placed in evidence bags, the identification card that was found within the little black purse was never photographed, nor was the ID or purse placed into evidence, a sheet is seen in multiple photographs covering items on the bed, other photographs show the bed stripped down to the mattress, the prosecutor cannot disclose something he does not have within his possession, the fact is that the prosecution at this time was not aware of the actions of the investigating officer alleged in the plaintiff's filed claim.

31. The plaintiff does not dispute that he has not yet been sentenced in his Federal criminal case.

32. The plaintiff does not dispute that he filed documents even thought he had an attorney, the plaintiff has a right to be heard, and does not have to fully submit to counsel.

33. The plaintiff does not dispute that filings were struck from the record do to being in regard to the PSR that had not yet been filed with the court, as well as just being appointed attorney Gino Bartolai.

34. This is not disputed by the plaintiff.

35. This is disputed by the plaintiff as stated above and continued below, the plaintiff does not agree with the relevance, context, and application of the facts provided by the defendant in regarding this matter.

On March 31, 2022, the plaintiff was arraigned on superseding information, this count was completely new, and not on his original charging document, this new count of information was not within any of the 11 state court case charges see, Exhibit A1-5, the plain reading of document 83 dated March 31, 2022, see, A6, states that the plaintiff was arraigned in open court, hereby pleads guilty to the within superseding information. This is not one of the original charges from his initial charging document under Federal jurisdiction, the March 31, 2022, arraignment came well after the plaintiff's claim was already in place with the court, the plaintiffs 1983 claim was and is asserted on the 11 state court charges and case that was withdrawn in April of 2021, not the Federal criminal

case. The claimed facts that have been provided by defendant Lippincott does not bar all or any of the plaintiff's allegations within his complaint from proceeding and moving forward, the plaintiff asks the court to note that the plaintiffs complaint was asserted on the 11 withdrawn charges in state court, not the Federal count of superseding information that he was arraigned on in open court on March 31, 2022, Black's law dictionary defines Arraignment as "the initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charges and enter a plea". This is also termed as the initial appearance, the plaintiff's filed his civil complaint was in place prior to the assertion of the new and only count contained within the superseding information, the plaintiff argues that the defendant is trying to create a false scenario in an attempt to assert that allegations within the plaintiff's claim on the new criminal charge contained within the superseding information, she is trying to attach his claim to something other than the 11 state court case charges that were withdraw, this attempt is improper, the defendants attempt to bar the plaintiff's claim against her is without merit, <u>Heck v. Humphrey</u> has clearly established that a civil suit asserted on the violations of rights must be allowed to proceed as long as a verdict in favor of the plaintiff would not challenge the validity of a criminal case conviction, as previously stated, the plaintiff, the plaintiff had already initiated the proceedings against the defendant prior to even being presented with the new count contained within the information, a new count that the plaintiff had to be arraigned on, a new count that was not on any other charging document state or Federal, the plaintiff also bring the argument that within the plea agreement there is an entire section that addresses "breaches" the government does not feel that the plaintiff has in any way breached the terms contained within the agreement, and as previously stated, have even gone as far as reinstating his 3 levels of acceptance that had first been removed do to the civil suit under the very same subsection the defendant is now trying to use herself, if the government does not feel that the plaintiff has in any way breached this agreement, how than can the defendant solely depend on the plea agreement to overcome the plaintiff's claims that were in place prior to him even being arraigned or signing a plea agreement on the new count of superseding information. The plaintiff also brings the argument that a plea agreement is in fact a contract between the signing parties, none of which are the defendant, the defendant claims that her motion for Summary Judgement

9

should be granted do to some violation or breach of the contract/plea agreement, is in fact without merit, the defendant has no legal standing to declare a breach of a contract that she herself is not a active party of, nor has any party of the contract/agreement acknowledged any such breach/violation, therefore, the court should discard the claims made by the defendant in support of the filed motion for Summary Judgement regarding the plea agreement, the plaintiff also argues that his alleged violations of rights, should be heard by fact finders, it is very plausible that any reasonable fact finder would hand down a verdict in favor of the plaintiff, on many if not all of his alleged claims in his complaint, these fact finders should be given the opportunity to do just that, defendant Lippincott states in her Affidavit supporting her motion, that she has no obligation to turn over Brady material, the plaintiff asks the court to note that, law enforcement do in fact have a obligation/duty to turn over exculpatory and impeaching evidence to the prosecuting authority.

Malicious prosecution was never alleged by the plaintiff, the defendant is recharacterizing the plaintiff's claims alleging, evidence tampering, falsifying official reports, misrepresenting facts in sworn reports, and tainting probable cause to make it stronger, the plaintiff never one time asserted a "malicious prosecution by officer" claim and as the designer of this claim the defendant has no right to dictate the blueprint and execution of the plaintiff's claim, the plaintiff has asserted a stand alone fabrication of evidence claim that contained the above stated elements as well as more claims in regard to this matter in his purposed amended complaint that is already filed with this very court, the defendant cannot assert a defense on a allegation that does not exist, the court must rule in favor of the plaintiff and against the defendant.

The plaintiff concedes that the defendant is entitled to testimonial immunity regarding the allegations surrounding her testimony.

The plaintiff argues that the plaintiff is not entitled to qualified immunity on any of the

10

harm is unusually an issue for the trier of fact unless a reasonable fact finder could not possibly conclude otherwise, in <u>Goldwire v. City of Phila.</u>, 130 F. Supp. 3d 936, 942 942n.1 (E.D. Pa. 2015) "explaining failure to intervene claims are not limited to excessive force". The rights of the American citizen at this time are being addressed from guns to abortions, and the rights of the people must prevail.

The plaintiff asks the court this- can an average citizen avoid criminal charges, conviction, or sanction, by claiming they did not know they should do something or not do something? The expected answer is- no ignorance does not equal innocence. for the defendant to assert deliberate ignorance to achieve a defense of qualified immunity, is a blatant disregard and disrespect for the rights of the American citizen, this application of deliberate ignorance is outdated. What ever happened to liberty and justice for all? What gives an officer of the law to needlessly and excessively destruction of property? The plaintiff's property was searched, found to be free any type of contraband, was thrown across the room and destroyed, while other officers joke and yell two points. The defendant is not entitled qualified immunity, and a reasonable fact finder must determine the outcome of the plaintiff's claim.

## Conclusion

The defendant has admitted to most of the plaintiff's claims in part (doc.114) the plaintiff also has filed on the record with the court multiple exhibits in support his purposed amended complaint, and request the court to acknowledge them in support of this brief as well.

The plaintiff Walter K. Parfaite asks the court to rule in favor of the plaintiff and against the defendant's motion for Summary Judgement, the plaintiff already has his purposed complaint on record with the court and will further dispute the alleged facts provided by the defense, the plaintiff believes that he has adequately addressed the matters at hand, and a reasonable fact finder must determine the outcome for these matters.

The plaintiff also asks the court to note that this civil matter could have no possible bearing on any conviction on a charge that the plaintiff was not even arraigned on at the TIME IT WAS ASSERTED

RESPECTFULLY SUBMITTED

13

WALTER K PARFAITE 4-29-22



RECEIVED
SCRANTON
APR 27 2023
PER _____
DEPUTY CLERK

Clerk of Court
Docket No. 3:22-cv-00316
235 N. Washington Ave
Scranton, PA 18501

