# United States District Court

# For The Middle District Of Pennsylvania

Walter K. Parfaite

"Plaintiff"                                    Civil Action No. 3:22-CV-00316

V.

Kim Lippincott                FILED                    (Judge Schwab)
                              SCRANTON
"Defendant"
                            MAY 2 3 2023

                        Per_____
                            DEPUTY CLERK

## Plaintiff's Response to Defendant's
## Brief in Opposition (doc. 122)

(doc. 122) section titled "facts" & "issues" makes claims that the

plaintiff's purposed amended complaint has included an additional 6

defendants to his complaint, individuals that the plaintiff cannot identify.

This statement made by the defendant may in fact be true, the individuals

have not yet been identified by the plaintiff, but not for lack of trying on his

part. The plaintiff has been actively seeking the names of the officer who

were within room number at the time of and during the search at the

paramount motel. The plaintiff's very first set of discovery request clearly

addressed this very matter. For the defendant to claim that the plaintiff may

1

be somehow time barred is without merit the plaintiff has been seeking this information from the start, has wrote multiple letters to this very court addressing the lack of responses as well as false responses from the defendant. The plaintiff has even had to file a motion for discovery (doc. 43-44), the defendant provided a response (doc. 54) within this response the defendant did not provide the names of individuals who took part in the search of room #3 instead she chose to provide the names of individuals that she knew were not within the room. The plaintiff asks the court to please take note of the fact that he did initially file his amended complaint within 2 year time frame laid our but do to them not being an attorney and not have any formal legal training it was misfiled and withdrawn as a result, the plaintiff then again filed the purposed amended complaint the proper way with the court and asks that do to the fact that he is not an attorney and prepared and summited his purposed complaint as fast has he could have possibly submitted it in his circumstance he should be allowed to overcome the time bar alleged by the defendant. The plaintiff's first withdrawn amendment would have fell within the 2-years allotted.

The defendant also attempts to use the plaintiff's plea agreement against him in an attempt to again have his claim barred. It confuses the final favorable termination requirement for malicious prosecution claims with the

dictates of Heck. The defense asserted by the defendant is improperly placed on the improperly reconstructed claim, which in turn creates an inappropriate opportunity for the defense to have the plaintiff's action barred under Heck. Even Heck acknowledges the possibility of remedying certain violations of Constitutional rights will not undermine the validity of the underlying conviction. Heck, 512 U.S. at 487 n.7 (explaining that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the 1983 plaintiff's still out-standing conviction). This is relevant to the actual claims in the plaintiff's action. The plaintiff believes that his argument presented to the court in opposition to the defendant's motion for summary judgment is in fact highly plausible. The plaintiff disputes the argument presented by the defendant, a verdict in favor of the plaintiff and against the defendant would not and could not challenge any possible conviction on the superseding information count.

The plaintiff argues that the case of Dennis v. City of Phila., 379 F. Supp. 3d 420 though not spot on, however, addresses a plea agreement that stemmed from the same course of conduct, but was a completely new charge that was not on any original charging document. The plaintiff as in Dennis does not seek damages related to the conviction pursuant to his plea

agreement, instead, the plaintiff sought redress for alleged violation that occurred during the February 23, 2021, search of room #3, that in turn had him charged with 11 criminal charges in state court, the plaintiff argues that the March 31, 2022, arraignment and plea agreement in federal court to a completely new criminal charge, based on the same underlying conduct associated with the 11 state charges and case that was withdrawn in April 2021, the plaintiff's 11 state criminal charges were not dismissed do to the plea agreement, the charges were withdrawn by the state prosecutor, and no conviction occurred in the state case, the plaintiff was sued by the Commonwealth case No. 2978 Civil 2022, again this is another state action that the plaintiff's alleged violations of his rights were a direct cause (fabricated evidence). It is clearly established that dismissed charges/counts does not constitute a favorable termination, but that is not the facts surrounding the plaintiff's actions, the plaintiff's state case was withdrawn prior to the plaintiff being arraigned on the new count, prior to any plea agreement, and without any agreement to do so. All of this was stated within the plaintiffs opposing brief to the defendant's summary judgement.

The plaintiff was arraigned on a completely new charges on march 31, 2022. The plaintiff complaint was in place prior to any plea agreement and at this time the plaintiff has still not yet been sentenced in Federal court, for

the plaintiff to use this civil matter to collaterally attack his Federal conviction the claims within his filed complaint would have to have a direct and undeniable connection to the newly arraigned single count, the plaintiff asks the court to note that the new count of information does not contain the count of conspiracy to distribute Heroin, and Methamphetamines this very same Heroin was within the jar that was withheld at the time of the search of room #3.

The misrepresented statements in the defendants filed affidavit of probable cause that stated "they would buy" and "they would sell" linked to the conspiracy still exist but have no bearing on the new count of information that only contains Methamphetamines and no conspiracy. The new count of information does not contain any of the narcotics that the plaintiff alleged were added to his in his amended complaint, in fact the new count within the information only contains the amount that the plaintiff admitted as his during his interview on February 23, 2021.

The plaintiff does not dispute that the current new count within the superseding information stems from the same course of conduct surrounding his state case charges, the plaintiff disputes how his civil complaint that was already in place could be used to collaterally attack a conviction on a charge that the plaintiff had not yet been arraigned on. Black's Law Dictionary

5

defines **Collateral Attack** as \"An attack on a judgement in a proceeding other than a direct appeal; esp,. an attempt to undermine a judgement through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgement is ineffective." The plaintiff never once stated his judgement/conviction on the new count of information was improper.

The defendant makes claims in (doc. 122) that assuming that the plaintiff could prove that the fabrication of evidence did in fact take place it would be a collateral attack on the current guilty plea. The plaintiff asks the court to take note that the defendant has provided multiple false responses to the plaintiff's discovery request, responses given under oath and filed with the court (doc.114)(doc.54)and (doc. 108-1) in this document the defendant provided more than one knowingly false response that contradict her responses in other documents. It does not amaze that the defendant again misrepresents and creates false fact to achieve her desired outcome, the plaintiff ask the court to note on the record the following instances of the defendants deliberate falsifications to the plaintiff as well as the court, the plaintiff presents this.

(doc. 114 p.15-16 Q&A #1) The defendant provided a knowingly false response under oath to the court. The defendant did in fact take a part in the

interview with Matthew Luce, the defendant enters the at (time 1:12:42 see interview breakdown) The statement provided by the defense is in fact out of context see (time 51:45-1:12:41) The defendant is deliberately manipulating what was said to suite her needs, the plaintiff provided both audio and video to the defendant yet she still attempts to manipulate the content.

(doc. 114 p.16 Q&A #3) The defendant provided a knowingly false response to the plaintiff add the court the defendant states "Plattenburg is in fact identified by an information" This is proven false on (p. 18 Q&A #9) when the defendant states, "the incident report dated Jan. 6, 2021, yes, the report does not state that" one of these sworn responses must be false. (doc. 108-1 p.6) the defendant showed her informant a single suggestive photo of Plattenburg yet the informant still could not positively identity her.

(doc. 114 p.17 Q&A #5) Defendant again provided a knowingly false response to the plaintiff and the court when she stated "The location of the CI buy was not different from the January 8 2021 buy so there was no need to add this information." The controlled purchase forms for the for the Jan 8 controlled purchases have two different incident locations and jurisdictions see attachments A1-2 this controlled purchase was documented (doc. 108-1

p. 3&4) and took place in Chestnut Hill Twp not East Stroudsburg the defendant placed false information in the incident location & jurisdiction sections of (A2) Please note that on (A3) the 3 sections that are vital are not filled in, CI certification, incident location, and jurisdiction, the defendant above identified statement is also false in (doc. 108-1 p.7) when the defendant reports the February 22, 2021 CI purchase was made in Smithfield Twp over 20 miles and over 30 minutes away see (A4). How is this not a false response and only proves the plaintiff claim here and in his complaint.

(doc. 114 p.31-32) Bottom defendant again provided a false response to the plaintiff and the court she never identified any of these officers with in the room, all are seen in the video of the room search yet none of their names were provided, it's hard to believe the defendant does not know who she is working with She even states some names in the video. The defendant deliberate claim of ignorance on (p. 27 Q&A #4) Than claiming they were in fact identified is without merit and blatant lie, the 2 officers named Craig Vanlouvender and Luthcke were documented as leaving prior to the search of the room (doc. 108-1 p.8) also it states (doc. 108-1 p.9) that the defendant as well as the two above stated officer interviewed Matthew Luce this is the interview that defendant Lippincott claim to the not take part in (doc. 114

That plaintiff states this to the court for one reason, to show that the defendant and counsel are not only knowingly manipulating and providing fabricated information and are both comfortable with doing such. The fact that the defendant is willing to mislead the court only help confirm the plaintiffs claim in his proposed amendment complaint.

The plaintiff also wants to address the claims made by the def regarding the doc defendants (doc. 122 p.3). The plaintiff never once stated these proposed defendants made false accusations against him or fabricated evidence, the alleged claims in his amended complaint are regarding evidence tampering, evidence withholding, evidence concealment, and excessive distraction of personal property, the defendant has again tried to improperly reconstruct and manipulate the plaintiff complaint. The plaintiff ask the court to note that has been actively been seeking the identities of the Doe's many names are stated during the room search video, the defense counsel stated that a copy of the video would be needed to identify these individuals, the plaintiff provide the video but defense did not hold up their end, yet an other act of deception on their end.

Taken in the light most favorable to the plaintiff as it must it will find that he alleged claims are not only plausible, but also given the opportunity

any reasonable fact finder could rule in his favor, the defendant and her counsel shown multiple acts of deception in both their actions and flings with the court.

(doc. 122 p.6 B.) the defense is again trying to dictate the plaintiffs complaint at the bottom of this pg (6) makes yet another false claim by stating the plaintiff have made false accusations against "everybody" and the plaintiff is expressing outrage against defense Lippencock for referring to him as a heroin addict. Again a misrepresentation of the true facts. The defense makes the statement to divert attention from the real facts, she place knowingly false information on yet document she filed in state county (bail form). She knowingly stated the plaintiff misrepresented his true identity proven lie (doc. 114 p.16 Q&A #2) also she falsely stated the plaintiff was convicted of possession with intent to distribute in New Jersey, again this is just not true, the plaintiff has attached the New Jersey judgement sheet to his proposed amendment complaint, it does not reflect the same conviction that the defendant claimed, he is though in fact outraged, he is outraged that the defendant as a person in her position would have such a blatant disrespect and disregard in respect to the oath she took as well as the citizens and honor of the court in the state, as for the defense's counsel claims that the plaintiff has made false claims about his actions the plaintiffs

believes the above stated proven falsification prove the plaintiffs claims and show counsel is willing to say, file, and do whatever is needed to achieve a his desired outcome.

(doc. 114 p.7) the defendants claims that the plaintiff "new" claims would be barred by a 2-year statute of limitations, first, there are no new claims within the plaintiffs per amendment complaint it contains all the same claims. The plaintiff as the court to allow him to proceed to the plaintiff attempted to file in time but it was withdrawn due to not proper filing the plaintiff is not an attorney, second, the plaintiff did not know about the individuals within the room until he was provided with the short video around the month of November and has been actively seeking the identities of these individuals from the very first discovery requests. The plaintiff admits that he knew Mario Orlando cosigned the falsified affidavit, what the plaintiff did not know was that Orlando was within room at the time of the search until his name was heard months later, on the short recording.

The plaintiff has the right to choose the theory in what the complaint is based not the defendant the plaintiff has asserted his claim in regard to the defendants official and unofficial capacity and should be allowed to proceed and be determined by reasonable fact finder, the plaintiff ask this court to

grant his motion and to direct the defense to provide the names of the individuals seen in the room search video as was promised to him upon delivery and review of said video, as well as being addressed in the joint letter filed by defense counsel (doc. 77 p.2) over 6 months ago, if this information would have been provided as promised the additional def would been timely and not listed as Doe's.

Respectfully Submitted

Walter K. Parfaite



BARFAITE000003



# Monroe County Drug Task Force Activity Report
*Redesigned for 2012*

| | | | |
|---|---|---|---|
| Suspect Name: | Matthew Lure | Date: | 1-8-2021 |
| Suspect Address: | | P.D. Case #: | 2021010bM0003 |
| Address Continued: | | DTF Case #: | 21-04-02 |

You must check one ➔ ☐New Case *or* ☒Continuation

## PART A: Cash Expenses (Detail this in Part B)

**Attachments:**
☐Arrest Report
☐Seizure Report
☐Search Warrant Report

☒ Purchase of Evidence     $ 100
☐ Information               $
☐ Cash Expense             $

*C.I. Certification:* I certify I received payment in the amount of $ 100 Dollars. If the funds received are for the purchase of evidence, any unused funds shall be returned to the Commonwealth upon demand and any misappropriation will render me liable for prosecution.

Confidential Informant #: CI-

Agent/Informant Signature: _____  Date: _____

Payer Signature: *Kim Lippincott*  Date: 1-8-2021

Witness Officer Signature: _____  Date 1-8-2021

Case Agent: Kim Lippincott

Incident Location: Chestnuthill Twp

Jurisdiction: PSP

## PART B: Details of Expenses (If drugs, include type and quantity in grams)

1. bundle of heroin                        Amount $ 40
2. eight ball of meth (other report)       Amount $
3.                                         Amount $

## PART C: Law Enforcement Hours Accrued:

| | Name | Activity¹ | Dept. Hours | DTF Hours |
|---|---|---|---|---|
| 1. | K Lippincott | CI Buy | 2 | |
| 2. | M. Orlando | | 2 | |
| 3. | T. Lenord | | 2 | |
| 4. | | | | |
| | | **Total Hours** | 6 | |

¹Activities (*enter one*): surveillance; investigation; report preparation; search warrant; arrest warrant; preliminary hearing; suppression hearing; trial; other hearing.

*Department hours are non-reimbursable*

Fax or email this completed form to Chief Detective Eric Kerchner within twenty-four hours of the activity.
Fax Number: ▓▓▓▓▓ • email: ▓▓▓▓▓▓▓▓▓▓▓▓

/ / /

PARFAITE000004





1 - 8 - 2020

A2


RFAITE000007

# Monroe County Drug Task Force Activity Report
## *Redesigned for 2012*

| Suspect Name: | Matthew Luce | | Date: | 1-8-2021 |
|---|---|---|---|---|
| Suspect Address: | Unknown | | P.D. Case #: | 2021 Pocono m0103 |
| Address Continued: | E. Stroudsburg PA | | DTF Case #: | 2021-04-0002 |

**You must check one→** ☐ New Case or ☑ Continuation

## PART A: Cash Expenses (Detail this in Part B)

**Attachments:**
☐ Arrest Report
☐ Seizure Report
☐ Search Warrant Report

☑ Purchase of Evidence   $ 120.00

☐ Information   $

☐ Cash Expense   $

*C.I. Certification:* I certify I received payment in the amount of $ 120 Dollars. If the funds received are for the purchase of evidence, any unused funds shall be returned to the Commonwealth upon demand and any misappropriation will render me liable for prosecution.

Confidential Informant #: CI - ▮▮▮▮▮

Agent/Informant Signature: _____   Date: 1-8-21

Payer Signature: Kim Lippincott   Date: 1-8-21

Witness Officer Signature: _____   Date 1-8-21

Case Agent: Kim Lippincott

Incident Location: E. Stroudsburg

Jurisdiction: Skpp

## PART B: Details of Expenses (If drugs, include type and quantity in grams)

| | | Amount | $ |
|---|---|---|---|
| 1. | 8 ball of meth | Amount | $ 120 |
| 2. | | Amount | $ |
| 3. | | Amount | $ |

## PART C: Law Enforcement Hours Accrued:

| | Name | Activity[1] | Dept. Hours | DTF Hours |
|---|---|---|---|---|
| 1. | K. Lippincott | CI BUY | 2 | |
| 2. | M. Orlando | ↓ | 2 | |
| 3. | T. Lennone | ↓ | 2 | |
| 4. | | | | |
| | | **Total Hours** | 6 | |

[1] Activities (*enter one*): surveillance; investigation; report preparation; search warrant; arrest warrant; preliminary hearing; suppression hearing; trial; other hearing.

*Department hours are non-reimbursable*

Whitehead       Tamerantz
Yellend         Phillips
Maynard

| Fax or email this completed form to Chief Detective Eric Kerchner within twenty-four hours of the activity. |
|---|
| Fax Number: ▮▮▮▮▮   •   email: ▮▮▮▮▮ |

PARFAITE000008



1-8-2021



A3

 E000001

# Monroe County Drug Task Force Activity Report
*Redesigned for 2012*

| Suspect Name: | Matthew Luce | | Date: | 2/22/2021 |
|---|---|---|---|---|
| Suspect Address: | | | P.D. Case #: | 2021010M0003 |
| Address Continued: | | | DTF Case #: | 21-04-0002 |

**You must check one →** ☐ New Case or ☒ Continuation

## PART A: Cash Expenses (Detail this in Part B)

☒ Purchase of Evidence    $ 250.00
☐ Information    $ _____
☐ Cash Expense    $ _____

**Attachments:**
☐ Arrest Report
☐ Seizure Report
☐ Search Warrant Report

✱ **C.I. Certification:** *I certify I received payment in the amount of $_____ Dollars. If the funds received are for the purchase of evidence, any unused funds shall be returned to the Commonwealth upon demand and any misappropriation will render me liable for prosecution.*

Confidential Informant #: CI-▮▮▮▮
Agent/Informant Signature: _____
Payer Signature: Kris Lippitt    Date: 2/22/2021
Witness Officer Signature: _____    Date: 2/22/2021
    Date 2/22/2021
Case Agent: Kim Lippincott
✱ Incident Location: _____
✱ Jurisdiction: _____

## PART B: Details of Expenses (If drugs, include type and quantity in grams)

1. 2 eight balls of meth
2. _____    Amount $ 250.00
3. _____    Amount $ _____
    Amount $ _____

## PART C: Law Enforcement Hours Accrued:

| Name | Activity[1] | Dept. Hours | DTF Hours |
|---|---|---|---|
| 1. K. Lippincott | CI Buy | 1 | |
| 2. M. Orlando | ↓ | 1 | |
| 3. C. Sholly | ↓ | 1 | |
| 4. T. Lemond | | 1 | |

[1]**Activities (enter one):** surveillance; investigation; report preparation; search warrant; arrest warrant; preliminary hearing; suppression hearing; trial; other hearing.

**Total Hours** 4

*Department hours are non-reimbursable*

Fax or email this completed form to Chief Detective Eric Kerchner within twenty-four hours of the activity.
Fax Number: ▮▮▮▮    + email: ▮▮▮▮

Brota to chip

PARFAITE000002





A4

Go‧gle Maps   Paramount Motel, 2220 Milford Rd, East Stroudsburg, PA 18301 to Chestnuthill Township, Pennsylvania

Drive 22.5 miles, 34 min



Map data ©2023 Google    2 mi

**Paramount Motel**

2220 Milford Rd, East Stroudsburg, PA 18301

**Take US-209 BUS N to US-209**

4 min (2.4 mi)

↑   1.   Head northeast toward US-209 BUS N

381 ft

↱   2.   Turn right onto US-209 BUS N

1.8 mi

↱   3.   Turn right onto Seven Bridge Rd

0.6 mi

**Follow US-209, I-80 W and US-209 S to PA-115 N in Brodheadsville**

25 min (19.1 mi)

⟳   4.   At the traffic circle, take the 1st exit onto US-209

3.1 mi

⤳   5.   Keep right at the fork, follow signs for I-80 W/US-209 S/Stroudsburg and merge onto I-80 W/US-209 S

3.9 mi

↱ 6.  Take exit 304 for US-209 S toward
     Snydersville/PA-33 S

                                        0.4 mi

↑ 7.  Continue onto US-209 S

                                        6.2 mi

↱ 8.  Take the US-209 S exit toward Lehighton

                                        0.2 mi

↑ 9.  Continue onto US-209 S
     ⓘ Pass by Wawa (on the right in 5.1 mi)

                                        5.3 mi

**Continue on PA-115 N. Drive to Shadow Ridge Dr**

                                  2 min (1.0 mi)

↱ 10.  Turn right after Citizens (on the right)

                                        0.8 mi

↱ 11.  Turn right onto Shadow Ridge Dr

                                        0.1 mi

**Chestnuthill Township**

MATTHEW LUCE INTERVIEW

1 DVD on File with Clerk's Office

1 DVD to Judge Mannion's Chambers

1 DVD to Carl J. Poveromo, Esquire



# Matthew Luce's  Recorded Interview

- 0:00:01- 0:51:45 – Unrelated talk about other crimes (Luce & Officers )

- 51:47 - I want to talk a little about the drugs (officer)

- 51:59 - Who was selling for you (Officer)

- 52:04 - No one (Luce)

- 52:09 - I was getting money myself (Luce)

- 52:24 - Their talking Feds taking this case (officer)

- 52:58 - You maybe got 2-3 grams of Heroin (Luce)

- 53:06 - My problem was I started using (Luce)

- 53:11 – Now your out of your mind (Officer)

- 53:18 – You know you got parole on your ass (Officer)

- 53:22 – Today I was supposed to go into parole (Luce)

- 53:44 – What the fuck did I do (Luce)

- 54:59 - Who is supplying you with the Heroin (officer)

- 54:01 – Who are you getting from (Officer)

- 54:03 – I be dealing with Mikey (Luce)

- 54::04 – Mikey ? (Officer)

- 54:05 – Sparano (Luce)

- 54:07 – How much were you getting from Mikey (officer)

- 54:09 – I'm only dealing id grab (Luce)

- 54:16 – A sleeve which is 10 bricks (Luce)

- 54:25 – At first id do were id grab maybe 5 bricks of Heroin and grab a half ounce or a once of ice (Luce)

- 55:00 – You have to look out for yourself Matt (officer)

- 55:07 – If your asking us to keep it hidden we cant (officer)

- 55:12 – We don't make deals (officer)

- 55:19 – How much was he charging you for a sleeve (Officer)

- 55:26 – uuhh (Luce)
- 55:32 – I don't know like a thousand dollars (Luce)
- 55:37 – How much would you make off a sleeve (Officer)
- 55:39 – Not a lot id sell a brick for $160 (Luce)
- 55:46 – So 600 bucks on a sleeve (Officer)
- 56:59 – Who you have selling for you (officer)
- 56:01 – No body nobody was selling for me (Luce)
- 56:06 – I was by myself (Luce)
- 56:07 – You know I had the hang arounds (Luce)
- 56:15 – They get money he get money (Luce)
- 56:19 – Like Parfaite Kenny right (Luce)
- 56:20 – We boys (Luce)
- 56:24 – He not my runner I'm not his type shit (Luce)
- 56:28 – You get money I get money what's up (Luce)
- 56:29 - You know what i'm saying (Luce)
- 56:31 - So it's not like I dont know (Luce)
- 56:33 - Is his old man Roland (Officer)
- 56:34 - Yeah (Luce)
- 56:38 - Crazy let me tell you (Luce)
- 56:42 – How about Kayla, who was all in the room (Officer)
- 56:44 - I wasnt in there who was there (Officer)
- 56:47 - Uuum (Luce)
- 56:48 – Kayla was in the room I think (Luce)
- 56:54 - Listen Kayla got brought in right Kayla, me, umm Kenny, umm I dont know everybody where they were at though (Luce)
- 57:10 - What the fuck is her name Amanda, or Ashely Ashley Grimms (Luce)
- 57:15 - And then Ryan (Luce)
- 57:18 - Ashley Grimms, Ryan, Kenny (Luce)
- 57:22 - Was there a Amy there? (Officer) Yeah Amy Gearhart (Luce)

- **57:28 –** So you and K are boys (officer) Yeah (Luce)
- **57:29 –** He was making money off this deal too taking some selling some (officer)
- **57:34 –** He was doing his own thing for real (Luce)
- **57:38 –** He was doing his thing you know (Luce)
- **57:41 –** We had it in cahoots were umm its like what's up like (Luce)
- **57:46 –** You know (Luce)
- **57:51 –** I always shot forward with him (Luce)
- **57:53 –** He always shot forward with me (Luce)
- **57:55 –** So its never umm (Luce)
- **58:06 –** You cant be robbing people (Luce)
- **58:10 –** Because what happens is you burn bridges and you get stranded of a fucking island (Luce)
- **58:14 –** That's what happens (Luce)
- **58:17 –** If your getting money and you're the dope dealer I cant deal with you because I'm robbing people (Luce)
- **58:25 –** It becomes bad business (Luce)
- **58:28 –** So you know umm (Luce)
- **58:32 -** I was just (Luce)
- **58:34 –** Started trying to change you know what I'm saying  (Luce)
- **58:36 –** Let me sell the fucking drugs fuck it (Luce)
- **58:38 -** You see whats going on  bro (Luce)
- **58:41 –** Everybody gets high (Luce)
- **58:42 –** Uumm hmm (Officer)
- **58:57 –** One a monkey cant sell bananas right (Luce)
- **59:03 –** I have a addictive personality (Luce)
- **59:05 -** Umm humm (Officer)
- **59:06 -** Well it's a illness (Officer)
- **59:10 -** And thats what people are starting to understand (Officer)
- **59:14 -** Hey it's a illness man (Officer)
- **59:17 -** It's almost like you cant help yourself (Officer) Right (Luce)

- 59:28 - Shits crazy (Luce)

- 59:30 - Amy and Kayla what was thier deals? (Officer)

- 59:32 - They was just, listen Kayla, Kayla shes with her boyfriend his name is Joe or Joey (Luce)

- 59:40 - Real fuck boy this dude (Luce)

- 59:42 - Real fucking clown bro umm (Luce)

- 59:47 - He comes Through I actually, I bumped into him I was locked up with him at Chester you know (Luce)

- 59:53 - So I see him he's like hey luck whats up Im on the run (Luce)

- 1:00:00 – So I go to help him out (Luce)

- 1:00:02 - He's like bro im fucked up im from Bangor that area (Luce)

- 1:00:05 - So im like alright well (Luce)

- 1:00:08 - I went up to the (Luce)

- 1:00:11 – What is it the quality (Luce) Yeah (Officer)

- 1:00:15 – That's where I first meet up with him (Luce)

- 1:00:17 - Then we were bouncing we'd play the days inn, you know all the lil bullshit (Luce)

- 1:00:23 - But umm (Luce)

- 12:00:27 - So he comes out, you know he was at the halfway house he ran from it etcetera etcetera (Luce)

- 1:00:36 - Im like alright (Luce)

- 1:00:38 – He was like this is my girl (Luce)

- 1:00:39 – He be beating the dog shit out of her out this poor girl (Luce)

- 1:00:41 - First he be beating her like yo bro stop doing that (Luce)

- 1:00:46 - I never want to get involved in someones domestics (Luce)

- 1:00:48 – It just brings heat (Officer)

- 1:00:50 - Yeah bro it's all bad business and its my thing at the end of the day your out in public with her you look what you done to her shes not running from you scraming for help or nothing else so why would I get involved in that , because what happens is I become the bad guy (Luce)

- 1:01:10 - So umm im like bro listen I get it I can do this for you were (Luce)

- 1:01:18 - I can put money in your pocket and you don't have to worry about being dope sick you know im saying you know whats up this girl is 20 you know

what thier doing for the bag (Luce)

- 1:01:39 – It all turned into fuck shit bro (Luce)

- 1:02:16 – The cops got involved (Luce)

- 1:02:18 – I don't know if he called them (Luce)

- 1:03:02 – He ended up getting arrested that night (Luce)

- 1:03:19 – She was supposed to go with her mom (Luce)

- 1:03:31 – I just got her phone minutes last night (Luce)

- 1:03:49 – I only met her through Joey (Luce)

- 1:03:52 – What's Joeys last name (Luce)

- 1:03:55 – Is he at the jail now you think (Officer)

- 1:03:56 – He's at the jail (Luce)

- 1:04:14 – Kayla turning tricks out the room (Officer)

- 1:04:28 – She's just a hang around using her drugs (Luce)

- 1:04:31 – How she paying (Officer)

- 1:04:34 – She wouldn't (Luce)

- 1:04:47 – I had work I would always give her (Luce)

- 1:05:10 – All this shit is Fentanyl (Luce)

- 1:05:11 – Ooh yeah (Officer)

- 1:05:13 – Here you go and you die (Luce)

- 1:05:15 – Did you have anybody (Officer)

- 1:05:16 – No (Luce)

- 1:05:17 – Fall out (Officer)

- 1:05:18 – Ooh yea fallout a bunch of times (Luce)

- 1:05:20 – Me I died 6 times in a week (Luce)

- 1:05:24 – Recently here (Officer) Yeah (Luce)

- 1:07:10 – Amy and Kayla are just sort a hangers on (Officer)

- 1:07:13 – Yeah (Luce)

- 1:07:19 – How about Kenny he's just there he's your guy (Officer)

- 1:07:24 – He's just my boy (Luce)

- 1:07:28 – You get money I get money lets go halves on a room (Luce)
- 1:07:33 – It wasn't I'm his runner he's my runner no shit like that (Luce)
- 1:07:36 – How long you been at the Paramount (Officer)
- 1:07:41 – Me I have only been there a week (Luce)
- 1:07:45 – Is the room in your name (Officer)
- 1:07:46 – No (Luce)
- 1:07:48 – Kenny's I believe (Luce)
- 1:07:52 – Or its one of his peoples (Luce)
- 1:07:56 – How you guys get hooked up with this sparano guy (Officer)
- 1:07:59 – Who Mikey (Luce) Yeah (Officer)
- 1:08:04 – Everyone kind of knows him (Luce)
- 1:08:08 – How much you think he has given you guys, how much have you bought from him (Officer)
- (No answer was given to prior question)
- 1:08:11 – Let me ask you this how long have you been buying off him (Officer)
- 1:08:18 – Ummm 2000 (Luce)
- 1:08:26 – 17, 18 (Luce)
- 1:08:29 – Mikey just started doing good (Luce)
- 1:09:01 – I just came home in October (Luce)
- 1:09:03 – You have been dealing with him since October (Officer)
- 1:09:12 – I just started to dibble dabble (Luce)
- 1:10:42 – Well they have a bunch of buys out of that room (Officer)
- 1:10:45 – Umm hmm (Luce)
- 1:10:51 – Its an enterprise (Officer)
- 1:12:42 – ( Kim enters)
- 1:12:55 – I'm the one that got the search warrant for your room (Kim)
- 1:13:23 – So what's been going on (Kim)
- 1:13:51 – I had Thanksgiving at my mom and dads house (Luce)
- 1:13:54 – When did you start selling drugs again (Kim)

- 1:14:07 – Within a month of me being home you know (Luce)
- 1:14:39 – I just started (Luce)
- 1:14:41 – After the new year before the new year (Kim)
- 1:14:48 – Before December (Kim) Yea (Luce)
- 1:15:10 – Take me through the month of December where were you staying (Kim)
- 1:15:15 – Hotels for real ( Luce names hotels)
- 1:16:06 – What about your buddy's house in effort (Kim) Yea (Luce)
- 1:16:26 – were you getting Heroin (Kim)
- 1:16:33 – From Mikey (Luce)
- 1:16:35 – Sparano (Kim) Yea (Luce)
- 1:16:38 – How much you buying off Sparano (Kim)
- 1:16:46 – This was ganna be the second time (Luce)
- 1:16:47 – I grabbed a sleeve off him (Luce)
- 1:16:51 – When did you get your first sleeve off him (Kim)
- 1:16:53 – 3, 3 day ago (Luce)
- 1:16:58 – I'd go see him for 6 bricks (Luce)
- 1:17:04 – Ok hold on 3 days ago you got a sleeve how much did you pay for that (Kim)
- 1:17:08 – A, a thousand dollars (Luce)
- 1:17:12 – And when did you buy the other sleeve (Kim)
- 1:17:18 – Yesterday (Luce) Afternoon (Luce)
- 1:17:22 – How much did you pay for that (Kim)
- 1:17:24 – A thousand dollars (Luce)
- 1:17:24 – Before that you were buying 6 or 7 bricks at a time (Kim)
- 1:17:35 – Yea it would fluctuate (Luce)
- 1:17:40 – How often would you get 6 or 7 bricks off him (Kim)
- 1:17:42 – Everyday (Luce)
- 1:17:46 – Everyday (Luce)
- 1:17:47 – Any certain stamp he is selling (Kim)

- 1:17:53 – 3 or 4 different types (Luce)
- 1:17:54 – What types would he have (Kim)
- 1:17:58 – Loose I would bag it up myself (Luce)
- 1:18:04 – How much loose Heroin would you buy at a time (Kim)
- Loose Heroin talk
- 1:18:22 – 3 loose 2 stamped (Luce)
- 1:18:33 – And what were the stamps he had (Kim)
- 1:18:38 – All types (Luce)
- 1:18:40 – The red wing joints (Luce)
- 1:18:42 – The PTDS (Luce)
- 1:18:44 – The McDonalds (Luce)
- 1:18:56 – The antidote or some shit (Luce)
- 1:18:58 – Anyone od and die on his shit (Kim)
- 1:19:03 – He freaks out about that (Luce)
- 1:19:05 – People are dying (Kim)
- 1:19:08 – Last week I died 6 times (Luce)
- 1:19:13 – So you ODed  6 times last week (Kim)
- 1:19:15 – Yea (Luce)
- 1:19:19 – On Sparanos stuff (Kim)
- 1:19:22 – Some of it was his (Luce)
- 1:19:24 – It was not all his though (Luce)
- 1:19:27 – So were is the rest of it coming from (Kim)
- 1:19:27 – Frankie Trouts (Luce)
- 1:19:29 – Frankie who (Kim)
- 1:19:30 – Frankie Trouts (Luce)
- 1:19:33 – Frankie Trouts is dealing with straight fetti (Luce)
- 1:19:48 – Your ganna go see K right (Luce)
- 1:19:53 – I'm not going to tell anybody what you said (Kim)
- 1:19:56 – Right now (Kim)

- 1:20:00 – In the federal system people don't get discovery till the end (Kim)
- 1:22:28 – How much you buying from Trouts (Kim)
- 1:22:32 – Grams, ounces, kilos (Kim)
- 1:22:39 – 3 grams (Luce)
- 1:22:41 – 80 dollars for 3 grams (Luce)
- 1:22:52 – Frankie is dealing with someone named Q (Luce)
- 1:22:57 – He's from Allentown (Luce)
- 1:23:02 – Q is on the run too (Luce)
- 1:23:09 – Where you getting the meth (Kim)
- 1:23:20 – Frankie got Heroin and ice on deck (Luce)
- 1:23:28 – Ounces is 600 (Luce)
- 1:23:39 – Frankie is driving around in a Honda (Luce)
- 1:24:08 – He be at Blake's house (Luce)
- 1:26:16 – Is Amy getting Heroin and Meth from you (Kim)
- 1:26:19 - No no (Luce)
- 1:26:20 – Where is she getting it (Kim)
- 1:26:27 – She getting it from the same people (Luce)
- 1:26:28 – Are you guys going together to get it (Kim)
- 1:26:32 – Sometimes (Luce)
- 1:26:37 – So the sleeve you got yesterday 10 bricks (Kim)
- 1:26:40 – Yeah (Luce)
- 1:26:41 – Where is it (Kim)
- 1:26:45 – Almost gone for real for real (Luce)
- 1:26:47 – Okay (Kim)
- 1:26:48 – You got rid of it or Amy got rid of it (Kim)
- 1:26:49 – Nah its (Luce)
- 1:26:51 – Did you and Amy go get it together (Kim)
- 1:26:50 – Nah Amy wasn't she just did some (Luce)
- 1:26:57 – So who went with you to get the sleeve (Kim)

- **1:27:02 –** Me (Luce)
- **1:27:03 –** Just you (Kim) Yeah (Luce)
- **1:27:04 –** Who's car did you take (Kim)
- **1:27:11 –** I don't know hold on (Luce)
- **1:27:12 –** I was watching the hotel all day yesterday (Kim)
- **1:27:17 –** I already know the answer (Kim)
- **1:27:24 –** Hold on let me think (Luce)
- **1:27:35 –** K left (Luce)
- **1:27:38 –** No K was with me (Luce)
- **1:27:41 –** So you and K went and got the sleeve (Kim)
- ( No answer was given to prior question)
- **1:27:45 –** What time of day was this (Kim)
- **1:27:48 –** After the snow (Luce)
- **1:27:51 –** Before dark (Kim)
- **1:27:53 –** Yea before dark (Luce)
- **1:27:55 –** After snow before dark (Kim)
- **1:28:00 –** You and K (Kim)
- **1:28:05 –** Wait I don't (Luce)
- **1:28:06 –** Went to sparano or he came to you (Kim)
- **1:28:08 –** No I went to Mikey (Luce)
- **1:28:11 –** I went to Mike (Luce)
- **1:28:12 –** You and K (Kim)
- **1:28:14 –** No K didn't go to Mikey yesterday he got off Frankie Trouts (Luce)
- **1:28:22 –** So the entire sleeve of Heroin that you got yesterday you sold yourself (Kim)
- **1:28:26 –** I mean yea (Luce)
- **1:28:28 –** I didn't grab a whole sleeve (Luce)
- **1:28:41 –** So than 4 bricks and 6 grams (Kim)
- **1:28:45 –** Grams that's brick that's what we go by (Luce)

- 1:28:51 – So you are calling a gram a brick (Kim)

- 1:28:54 – Yea (Luce)

- 1:29:03 – So you went to get that by yourself not with K (Kim)

- 1:29:07 – K was with but he didn't grab any work or he grabbed ice maybe I don't know (Luce)

- 1:29:20 – Yesterday all the dog food I got I grabbed it (Luce)

- 1:29:29 – I only seen Mike (Luce)

- 1:29:30 – He went and seen Frankie and all them (Luce)

- 1:29:38 – All the people in and out of your room were they seeing you or K or both (Kim)

- 1:29:43 – All depends (Luce)

- 1:29:50 -  K had a big wad of cash on him (Kim)

- 1:29:52 – And you didn't (Kim)

- 1:29:55 – I really dint do anything yesterday (Luce)

- 1:29:57 – But that's what I'm saying (Kim)

- 1:29:58 – He's the one with the wad of cash so who is profiting off all of the drugs you acquired yesterday (Kim)

- 1:30:04 – Somebody is (Kim)

-  1:30:05 -  Well he is for real for real (Luce)

- 1:30:07 – Okay (Kim)

- 1:35:01 – Was any Heroin in the room hers (Kim)

- 1:35:04 – I don't know (Luce)

- 1:35:06 – Did she buy Heroin off of you (Kim)

- 1:35:11 – I would give her (Luce)

- 1:35:15 – I'd give her like a bundle (Luce)

- 1:38:19 -      END



WALTER V. PAPRATE
Lackawanna County Prison
1371 North Washington Ave.
Scranton, PA 18509

Clerk of court
Docket No. 322-cv-00316
235 N. Washington Ave
Scranton PA 18501

RECEIVED
SCRANTON
MAY 23 2023
PER _____ DEPUTY CLERK

CONTENTS MAILED FROM
CORRECTIONAL FACILITY